**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSEPH SCHMIDT,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>THE WASHINGTON NEWSPAPER PUBLISHING CO., LLC, d/b/a WASHINGTON EXAMINER,<br><br>　　　　　　　　　　Defendant. | Case No. 20-cv-00830-BAS-NLS<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**[ECF No. 3]** |

Before the Court is Defendant Washington Newspaper Publishing Company's ("Defendant") Motion to Dismiss ("Motion"). (Mot., ECF No. 3.) Plaintiff has not timely filed any response to Defendant's Motion. For the reasons discussed below, the Court **GRANTS** Defendant's Motion and **DISMISSES WITH PREJUDICE** Plaintiff's Complaint.

**I.   RELEVANT BACKGROUND**

Plaintiff Joseph Schmidt commenced this action in San Diego Superior Court on December 16, 2019, seeking damages for alleged defamation. (ECF No. 1-3.) On May 1, 2020, Defendant Washington Newspaper Publishing Company ("Defendant") removed this action to this Court. (ECF No. 1.)

On May 8, 2020, Defendant moved to dismiss Plaintiff's Complaint on the basis that (1) a Delaware court found the same claims to be time-barred; and (2) this prior

judgment should be afforded effect under the Full Faith and Credit Clause and the principles of claim preclusion and res judicata. (ECF No. 3.) The Notice of Electronic Filing indicates that notice of the Motion was served via emailed to Plaintiff's counsel. *See* Civ L.R. 5.4(c) ("The NEF that is automatically generated by the Court's Electronic Filing System constitutes service of the filed document on Filing Users."). Under the Local Rules, a party opposing a motion must file either an opposition or a statement of non-opposition no later than fourteen calendar days prior to the noticed hearing date. Civ. L.R. 7.1(e)(2). Here, because the hearing date for Defendant's Motion was June 8, 2020, Plaintiff was required to file either an opposition or a statement of non-opposition by May 25, 2020. (*See* ECF No. 6 (citing Civ. L.R. 7.1(e)(2)).)

The Court issued an Order to Show Cause ("OSC") requiring Plaintiff to file an opposition, notice of non-opposition, or voluntary dismissal of the action by June 22, 2020. (ECF No. 9.) The Court noted that, pursuant to Local Rule 7.1(f)(3)(c),[1] Plaintiff's "failure to timely respond to the OSC will be considered consent to the granting of Defendant's Motion and the dismissal of this action with prejudice." Plaintiff did not timely respond to the OSC.

## II.  LEGAL STANDARD

"The Ninth Circuit has held that a district court may properly grant a motion to dismiss as unopposed pursuant to a local rule that permits, but does not require, the granting of a motion for failure to respond." *See Burcher v. Lawhead*, No. 18CV2559-JAH (MDD), 2019 WL 5963635, at *1 (S.D. Cal. Nov. 13, 2019) (citing *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995)); *Steel v. City of San Diego*, No. 09-cv-1743, 2009 WL 3715257, at *1 (S.D. Cal., Nov. 5, 2009) (citing same).

Further, "[a]lthough there is . . . a [public] policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454

---

[1] This provision states the following: "Waiver: If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."

(9th Cir. 1994). District courts have the inherent power to control their dockets and, "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986), *cert. denied*, 479 U.S. 829 (1986). As such, failure to comply with provisions of the local rules and failure to comply with a court order also provide independent grounds for dismissal of an action. *See Ghazali*, 46 F.3d at 53 ("Failure to follow a district court's local rules is a proper ground for dismissal."); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court.").

To dismiss an action for any of the aforementioned reasons, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Burcher*, 2019 WL 5963635, at *1 (applying factors prior to granting an unopposed motion to dismiss); *Ferdik*, 963 F.2d at 1261 (applying factors to failure to comply with court order); *Garacci v. Ratelle*, 116 F.3d 484 (9th Cir. 1997) (applying factors to failure to comply with local rules).

### III. ANALYSIS

As explained below, the Court finds four of the five factors weigh in favor of dismissal.[2]

#### A. Public's Interest In Expeditious Resolution

"[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Although an opposition or non-opposition to a motion is a basic requirement of motion practice, Plaintiff's response is to the Motion—which itself has been pending for over a month—

---

[2] The Ninth Circuit has recognized that the fourth factor—the public policy favoring disposition of cases on their merits—counsels against dismissal. *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998).

was overdue by over three weeks at the time the Court issued the OSC. Plaintiff has also failed to avail himself of the additional opportunity to respond provided by the OSC. (ECF No. 9.) Without a response from Plaintiff, the Court cannot determine the issues in dispute and, consequently, cannot expeditiously resolve on the merits those issues still in contention. Thus, the Court finds that this factor weighs in favor of dismissal. *See Swingler v. Dep't of Veterans Affairs*, No. 2:19-1135 DSF (ADS), 2019 WL 6620492, at *2 (C.D. Cal. Nov. 5, 2019), *report and recommendation adopted*, No. 2:19-1135 DSF (ADS), 2019 WL 6618922 (C.D. Cal. Dec. 5, 2019).

### B.  Court's Need to Manage its Docket

A district court is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. *Ash v. Cuetkov*, 739 F.2d 493, 496 (9th Cir. 1984). Here, Plaintiff failed to comply with the requirement to respond to the motion to dismiss and to the OSC, despite being twice "given ample time to respond to" Defendant's motion. *See Ghazali*, 46 F.3d at 54. There is also no evidence before the Court that Plaintiff was not aware of the pending motion. *See id.* Therefore, Plaintiff's failure to respond "impermissibly allow[s] [P]laintiff to control the pace of the docket rather than the [C]ourt." *See Smith v. Cty. Of Riverside Sheriff Dep't*, No. ED CV 17-1969 DSF (SP), 2019 WL 7865170, at *3 (C.D. Cal. Nov. 18, 2019) (citing *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.")). Consequently, this factor also weighs in favor of dismissal.

### C.  Prejudice to Defendant

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Pagtalunan*, 291 F.3d at 642 (citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987)). "[T]he pendency of the lawsuit is not sufficiently prejudicial itself to warrant dismissal." *Yourish*, 191 F.3d at 991; *accord Ash*, 739 F.2d at 496. However, "even in the absence of a showing of actual prejudice to the defendant,"

prejudice is presumed from unreasonable delay. *In re Eisen*, 31 F.3d at 1452–53. Here, Plaintiff has failed to respond to both the motion and the OSC and therefore has done nothing to rebut this presumption. *See Swingler*, 2019 WL 6620492, at *2.

### D. Availability of Less Drastic Sanctions

This factor examines whether less drastic alternatives to dismissal are feasible given the circumstances of the case. *In re Eisen*, 31 F.3d at 1455. "[A] district court's warning to a party that [its] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik*, 963 F.2d at 1262. Here, the Court's OSC clearly instructed Plaintiff to show cause by June 22, 2020, and warned Plaintiff "that failure to timely respond . . . will be considered consent to the granting of Defendant's Motion and the dismissal of the action with prejudice." (ECF No. 9.) Thus, the Court has taken meaningful steps to explore alternatives to dismissal. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."); *see also Swingler*, 2019 WL 6620492, at *2.

## IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss (ECF No. 3) and **DISMISSES WITH PREJUDICE** Plaintiff's Complaint. The Clerk is instructed to close the case.

**IT IS SO ORDERED.**

**DATED: June 26, 2020**

Hon. Cynthia Bashant
United States District Judge